UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN KARTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EPIQ SYSTEMS, INC.,<br><br>Defendant. | Case No.: SACV 20-01385-CJC (KESx)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [Dkt. 35] AND PERMITTING JURISDICTIONAL DISCOVERY** |

On February 29, 2020, Defendant Epiq Systems, Inc. and its subsidiaries were hit with a ransomware attack—an attack using a malicious software designed to deny access to a computer system until a ransom is paid.  (Dkt. 1-2 [Complaint, hereinafter "Compl.")] ¶¶ 2–4; Dkt. 35-1 [Motion to Dismiss, hereinafter "Mot."] at 6.)  As a result of the attack, sensitive data on Defendant's networks "is now in the hands of the hackers." (Compl. ¶¶ 5, 23.)  Because Plaintiff's sensitive data was allegedly part of the ransomware attack, he faces a "lifetime risk of identity theft."  (*Id.* ¶ 7.)  Plaintiff

therefore brings this putative class action alleging that Defendant failed to "implement and maintain reasonable security procedures and practices" to protect personal information in violation of California Civil Code § 1798.150(a).  (*Id.* ¶¶ 18, 21–22.)

The problem, according to Defendant, is that Plaintiff sued the wrong entity.  Plaintiff alleges that his social security number was on Defendant's networks because Plaintiff had previously submitted a tax form to Defendant in relation to a class action settlement in which Plaintiff was a class member and Defendant administered.  (*Id.* ¶ 20.)  Defendant explains that Epiq Class Action & Claims Solutions, Inc. ("Epic Class Action")—a wholly-owned subsidiary of Defendant and a different corporate entity—administers class actions, not Defendant.  Defendant therefore moves to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) (because Plaintiff lacks standing to sue Defendant, as opposed to Epiq Class Action), 12(b)(2) (because the Court lacks personal jurisdiction over Defendant), and 12(b)(6) (because Plaintiff cannot state a claim against Defendant).  (Dkt. 35 [Motion, hereinafter "Mot"].)

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  In deciding a Rule 12(b)(1) motion challenging subject matter jurisdiction, the burden of proof is on the party asserting jurisdiction, and the court will presume a lack of jurisdiction until the pleader proves otherwise.  *See id.*  To help determine whether a court has jurisdiction, a court has "broad discretion to permit or deny" jurisdictional discovery.  *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).  Requests for jurisdictional discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary."  *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

1  Defendant argues that Plaintiff cannot show that his injury is fairly traceable to
2  Defendant's challenged actions because if anyone wronged him, it was Epiq Class
3  Action, not Defendant.[1]  (Mot. at 12–18.)  In support of that argument, Defendant
4  submits a declaration from a Vice President at Epiq Class Action, Michael O'Connor.
5  (Dkt. 35-2 [O'Connor Declaration].)  Mr. O'Connor states that "Epiq Class Action is
6  legally separate and distinct from Epiq Systems," with different management teams,
7  employees, software, Federal Employer Identification Numbers, financial and accounting
8  records, registered addresses, and registered agents.  (*Id.* ¶¶ 7–14.)  Plaintiff responds that
9  the O'Connor declaration is "untested" and that there is no "meaningful factual record
10 before the Court," including evidence "to confirm whether Epiq and its subsidiaries share
11 servers, whether Epiq Class Action was actually the entity that collected Karter's data, or
12 whether Epiq collected the data from Plaintiff and the class members itself."  (Opp. at 3–
13 4, 9.)  Plaintiff requests jurisdictional discovery to determine who the appropriate
14 defendant is in this case.  (*Id.* at 9.)

16 The Court will grant Plaintiff's request for jurisdictional discovery.  In the Court's
17 view, the key question relevant to whether Plaintiff has standing in this case—and
18 therefore whether the Court has jurisdiction—is whether Plaintiff's social security
19 number could have been on Defendant's systems at the time of the ransomware attack.  If
20 the answer to that question is no, Defendant's alleged failure to maintain reasonable
21 security protocols in violation of California law could not have been what harmed
22 Plaintiff (if Plaintiff were harmed at all) and caused him to suffer an alleged lifetime risk
23 of identity theft.  Even if the O'Connor Declaration shows, as Defendant argues, that
24 Plaintiff did not *submit* his personal information to Defendant, it does not show that

---

[1] The party invoking federal jurisdiction bears the burden of establishing standing, which requires a showing that (1) the plaintiff has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) the injury is fairly traceable to the defendant's challenged actions, and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Plaintiff's information could not have been on Defendant's systems or servers and thereby made vulnerable in the ransomware attack. (*See* Mot. at 12–13.)

Accordingly, Defendant's motion to dismiss is **DENIED WITHOUT PREJUDICE**.[2] Plaintiff may take discovery narrowly tailored to issues relevant to whether the Court has jurisdiction over this dispute between Plaintiff and Defendant. Plaintiff shall have until January 25, 2021 to conduct jurisdictional discovery. If Plaintiff decides to amend his complaint, he must do so by February 8, 2021. If Plaintiff decides not to amend his complaint, or fails to do so by the February 8, 2021 deadline, Defendant shall have until February 22, 2021 to respond to Plaintiff's complaint.

DATED:   November 9, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 16, 2020, at 1:30 p.m. is hereby vacated and off calendar.