

**FILED**
CLERK, U.S. DISTRICT COURT

4/19/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CW_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN KARTER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> EPIQ SYSTEMS, INC. and EPIQ CLASS ACTION & CLAIMS SOLUTIONS, INC., <br><br> Defendants. | Case No.: SACV 20-01385-CJC (KESx) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [Dkt. 55]** |

## I.    INTRODUCTION & BACKGROUND

On February 29, 2020, Defendant Epiq Systems, Inc. and its subsidiaries, including wholly-owned subsidiary Epic Class Action & Claims Solutions, Inc., were hit with a ransomware attack—an attack using a malicious software designed to deny access to a computer system until a ransom is paid.  (Dkt. 49 [First Amended Complaint, hereinafter "FAC")] ¶¶ 3–6; Dkt. 55-1 [Motion to Dismiss, hereinafter "Mot."] at 1.)  As a result of

the attack, sensitive data on Defendants' networks "is now in the hands of the hackers." (FAC ¶ 28; *see id.* ¶ 6.)  Because Plaintiff's sensitive data was allegedly part of the ransomware attack, he and other members of the putative class face a "lifetime risk of identity theft." (*Id.* ¶ 78.)  Plaintiff therefore brings this putative class action alleging that Defendants violated their "duty to implement and maintain reasonable security procedures and practices" to protect the class' personal information in violation of the California Consumer Privacy Act ("CCPA"), California Civil Code § 1798.150(a). (*Id.* ¶¶ 41–42.)  After jurisdictional discovery, Defendants now move to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 55.)  For the following reasons, Defendants' motion is **GRANTED** and Plaintiff's FAC is **DISMISSED WITH FOURTEEN DAYS LEAVE TO AMEND**.[1]

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).  To survive a motion to dismiss, a complaint must contain

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for April 26, 2021, at 1:30 p.m., is hereby vacated and off calendar.

sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must contain well-pleaded factual allegations, not legal conclusions, that "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III.   ANALYSIS & CONCLUSION

Defendants argue that Plaintiff cannot bring a private cause of action under the CCPA. Under the CCPA, "Any consumer whose nonencrypted and nonredacted personal information . . . is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the *business's* violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action."  Cal. Civ. Code § 1798.150(a)(1) (emphasis added).

Defendants argue Plaintiff cannot sue them because they are a service provider under the CCPA, not a business.  (Mot. at 5–7, 9–13.)  The CCPA defines "business" as an entity "that collects consumers' personal information or on the behalf of which that information is collected and that alone, or jointly with others, determines the purposes and means of the processing of consumers' personal information."  Cal. Civ. Code § 1798.140(c).  It defines "service provider" as an entity "that processes information on behalf of a business and to which the business discloses a consumer's personal information for a business purpose pursuant to a written contract."  Cal. Civ. Code § 1798.140(v).  The CCPA states that actions against service providers that violate the CCPA shall be brought "in a civil action brought in the name of the people of the State of California by the Attorney General."  Cal. Civ. Code § 1798.155(b).

Plaintiff responds that Defendants' actions render them businesses, not service providers.  The problem is that the facts Plaintiffs cite as support for this argument—like the nature of Defendants' contracts with their clients and Defendants' annual revenue—is nowhere in the FAC.  (*See* Dkt. 57 [Opposition] at 3–4 [arguing that Defendants are businesses without citation to the FAC].)  Plaintiff argues that he can amend his complaint to sufficiently allege that Defendants are businesses that may be sued under the CCPA.  (*Id.* at 4 n.2.)  Accordingly, Defendants' motion to dismiss is **GRANTED** and Plaintiff's FAC is **DISMISSED WITH FOURTEEN DAYS LEAVE TO AMEND.**

DATED: April 19, 2021

_____

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE