UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **BENJAMIN KARTER, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EPIQ SYSTEMS, INC. and EPIQ CLASS ACTION & CLAIMS SOLUTIONS, INC.,**<br><br>**Defendants.** | Case No.: SACV 20-01385-CJC (KESx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [Dkt. 63]** |

## I.    INTRODUCTION & BACKGROUND

On February 29, 2020, Defendant Epiq Systems, Inc. and its subsidiaries, including wholly-owned subsidiary Defendant Epic Class Action & Claims Solutions, Inc., were hit with a ransomware attack—an attack using a malicious software designed to deny access to a computer system until a ransom is paid.  (Dkt. 49 [Second Amended Complaint,

hereinafter "SAC")] ¶¶ 3–4.) As a result of the attack, sensitive data on Defendants' networks, including nonencrypted and nonredacted personal information, "is now in the hands of hackers." (*Id.* ¶¶ 6–7, 38.) Because Plaintiff's data was allegedly part of the ransomware attack, he and other members of the putative class face a "lifetime risk of identity theft." (*Id.* ¶ 8.) Plaintiff therefore brings this putative class action alleging that Defendants violated their "duty to implement and maintain reasonable security procedures and practices" to protect the class' personal information in violation of the California Consumer Privacy Act ("CCPA"), California Civil Code § 1798.150(a). (*Id.* ¶¶ 44.) The Court previously granted Defendants' motion to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), and granted Plaintiff leave to amend. (Dkt. 59.) Defendants now move to dismiss Plaintiff's Second Amended Complaint. (Dkt. 63.) For the following reasons, Defendants' motion is **DENIED**.

## II.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims. The issue on a motion to dismiss for failure to state a claim is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must contain well-pleaded factual allegations, not legal conclusions, that "plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. ANALYSIS

Defendants move to dismiss Plaintiff's Second Amended Complaint because they argue that Plaintiff has failed to allege that (1) Defendants are a "business" under the statute, and (2) Plaintiff's "personal information" was "exfiltrated" in a "nonencrypted and nonredacted" form in the attack.

### A. "Business"

The CCPA provides that any consumer whose personal information is subject to exfiltration "as a result of the *business's* violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action."  Cal. Civ. Code § 1798.150(a)(1) (emphasis added).

Defendants argue Plaintiff cannot sue them because they are service providers under the CCPA, not businesses.  (Mot. at 13–20.)  The CCPA defines "business" as an entity including a for-profit corporation "that collects consumers' personal information or on the behalf of which that information is collected and that alone, or jointly with others, determines the purposes and means of the processing of consumers' personal information."  Cal. Civ. Code § 1798.140(c)(1).[1]  The CCPA defines "service provider"

---

[1] The entity must also (1) have annual gross revenues of more than $25 million, (2) annually buy, receive, sell, or share personal information of 50,000 or more consumers, households, or devices, or (3) derive 50% or more of annual revenues from selling consumers' personal information.  Cal. Civ.

as an entity "that processes information on behalf of a business and to which the business discloses a consumer's personal information for a business purpose pursuant to a written contract." Cal. Civ. Code § 1798.140(v). The CCPA states that actions against service providers that violate the CCPA shall be brought "in a civil action brought in the name of the people of the State of California by the Attorney General." Cal. Civ. Code § 1798.155(b). Accordingly, Plaintiff can only state a claim against Defendants if they are businesses, not service providers.

Defendant Epiq Class Action "administers class action and mass tort settlements and judgments for litigants and courts," performing "functions including providing notice to class members, receiving and processing opt-outs, and managing claims databases." (SAC ¶ 2 [internal quotations omitted].) The question here is whether Plaintiff has adequately alleged that Epiq acts as a business rather than a service provider. The Court concludes that he has.

First, Plaintiff alleges that in order to perform its services, which it performs pursuant to contracts with other entities, Epiq collects consumers' personal information from consumers. (*Id.* ¶¶ 23–24, 28.) This is an activity for a business, not a service provider, which receives personal information from the business. *Compare* Cal. Civ. Code § 1798.140(c)(1) *with* Cal. Civ. Code § 1798.140(v).

Second, Plaintiff plausibly alleges that Epiq "alone, or jointly with others, determines the purposes and means of the processing of consumers' personal information." Cal. Civ. Code § 1798.140(c)(1). Specifically, Plaintiff alleges that Epiq works with its clients to determine how it will use consumers' personal information to provide notice and manage claims and opt-outs. (SAC ¶¶ 2, 24.)

Code § 1798.140(c)(1)(A)–(C). Plaintiff adequately alleges that Defendants have annual gross revenues of more than $25 million. (SAC ¶ 25.)

At this early stage, Plaintiff has plausibly alleged that Defendants may be held liable as a business under the CCPA.

### B.     "Personal Information" "Exfiltrated" in a "Nonencrypted and Nonredacted" Form

Under the CCPA, "[a]ny consumer whose nonencrypted and nonredacted personal information . . . is subject to an unauthorized access and exfiltration, theft, or disclosure . . . may institute a civil action." Cal. Civ. Code § 1798.150(a)(1). Defendants argue that Plaintiff has failed to plausibly allege that his "personal information" was "exfiltrated" in a "nonencrypted and nonredacted" form as a result of the ransomware attack suffered by the Epiq Defendants, and therefore fails to state a claim under the CCPA as a matter of law. (Mot. at 20–24.)

There is no question that Plaintiff has alleged that his personal information was exfiltrated in a nonencrypted and nonredacted form. (Compl. ¶¶ 6–7, 45.) Defendants merely argue that Plaintiff fails to do so *plausibly*. Defendants point specifically to the type of ransomware attack used, which involves encrypting a company's data on the company's own computer systems rather than stealing the company's data. (Dkt. 66 [Reply] at 9–10.) They further argue that where personal information is exfiltrated, a company must notify consumers, and Defendants did not notify consumers that their personal information was exfiltrated here. (*Id.* at 11.)

It may be that Plaintiff's personal information was not exfiltrated in a nonencrypted and nonredacted form. But at this stage, especially when the bases for dismissal upon which Defendants rely do not appear in the complaint, the Court concludes that Plaintiff's allegations are sufficient to survive a motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Second Amended Complaint is **DENIED**. Defendants shall file an answer to Plaintiff's Second Amended Complaint by **July 30, 2021.**

DATED: July 16, 2021

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE